**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RANDEEP S. MANN**                                                                                                                            **PLAINTIFF**

**v.**                                          **CASE NO. 4:04-CV-1424**

**ARKANSAS STATE MEDICAL BOARD,
W. RAY JOUETT, ORMAN W. SIMMONS,
DAVID C. JACKS, BOBBYE H. DANIELS,
J.R. BAKER, JOHN E. BALL, ANNE BRITTON,
SUE R. CHAMBERS, TRENT P. PIERCE,
DOUGLAS F. SMART, C.E. TOMMEY,
ALONZO WILLIAMS, JAMES E. ZINI,
PEGGY PRYOR CRYER**                                                         **DEFENDANTS**

**<u>ORDER</u>**

Presently before the Court is the Motion to Dismiss filed by Defendants on February 4, 2005. The Court will grant the Motion in favor of the individual Defendants and deny the Motion as to the Defendant Arkansas State Medical Board.

**I.**     **Background**

The Plaintiff Randeep Mann is an individual licensed by the Arkansas State Medical Board to practice medicine in the State of Arkansas. Defendant Arkansas State Medical Board ("Board") is an agency of the State of Arkansas. Defendants W. Ray Jouett, Orman Simmons, David Jacks, Bobbye Daniels, J.R. Baker, John Ball, Anne Britton, Sue Chambers, Trent Pierce, Douglas Smart, C.E. Tommey, Alonzo Williams, and James Zini are members of the Arkansas State Medical Board. Defendant Peggy Cryer is the Executive Director of the Arkansas State Medical Board.

On an internet website controlled by the Defendants, the following entries were published on June 6, 2003:

> "Mann, Randeep Singh, M.D.–E-0385
>   -Emergency Order of Suspension, 6/5/2003"

> "Appearance:        No
>
>     Reason:         Board Related
>
> Date of Action:     6/5/2003
>
>     Minutes:
> Discussion #03-126. MANN, Randeep S., M.D. Upon motion by Mrs. A. Britton, seconded by Dr. J.R. Baker, the Board unanimously voted that an Emergency Order of Suspension and Notice of Hearing be issued to this physician."

(Amended Complaint, ¶¶ 7-8).

On June 9, 2003, Plaintiff learned of the publication on the Defendants' website and retained legal counsel. On June 10, 2003, Plaintiff's counsel sent a written request to the Defendants that the purported emergency order be modified to suspend only Dr. Mann's authority to prescribe scheduled medications pending a full hearing. On June 17, 2003, the Board notified Plaintiff's counsel that the members of the Board had been polled and had granted Plaintiff's request. The following entries were published on the Defendants' website that day:

> "Mann, Randeep Singh, M.D.–E-0385
>   -Returned to Active, 6/17/2003
>   -Emergency Order of Suspension, 6/5/2003"

> "Appearance:        No
>
>     Reason:         Board Related
>
> Date of Action:     6/17/2003
>
>     Minutes:
> Emergency Order of Suspension lifted. License returned to Active. In addition, the Board ordered this physician not to prescribe medications that would require a DEA permit pending the disciplinary hearing on this matter."

(Amended Complaint, ¶¶ 12-13).

The Board never issued any order suspending Plaintiff's license to practice medicine;

- 2 -

however, the Board did issue an Emergency Order suspending Dr. Mann's authority to prescribe scheduled medications pending a hearing.

On November 12, 2004, Plaintiff filed the Complaint initiating this action, and filed an Amended Complaint on January 20, 2005. Plaintiff claims that Defendants published and distributed false and misleading statements about the Plaintiff pursuant to a policy, custom, or practice of the Board. Plaintiff also claims that Defendants failed to act in accordance with the Administrative Procedures Act and the Medical Practices Act. Plaintiff seeks relief for denials of his right to Due Process, right to property, right to employment, defamation, damage to his professional reputation, and emotional distress. The Plaintiff seeks prospective injunctive relief and attorneys' fees against the individual Defendants in their official capacities, and compensatory damages, punitive damages, costs and attorneys' fees from the Defendants in their individual capacities.

Defendants filed this Motion to Dismiss on the following six grounds: (i) Plaintiff's official capacity claims against the Board and the individual Defendants are barred by the doctrine of sovereign immunity; (ii) Plaintiff's official capacity claims fail to state a claim upon which relief can be granted because neither the Board nor the individual Defendants in their official capacities are "persons" amenable to suit under 42 U.S.C. § 1983; (iii) Plaintiff's state-law claim for monetary and equitable relief against the Board and the individual Defendants in their official capacities is barred by sovereign immunity; (iv) Plaintiff's state-law claim against the Defendants in their individual capacities is barred by Defendants' statutory immunity; (v) Plaintiff has not alleged facts sufficient to state a claim for violation of Due Process or defamation; (vi) Plaintiff's Due Process claim is barred by res judicata.

**II.     Motion to Dismiss Standard**

A complaint should not be dismissed unless it appears that the pleaders could prove no set of facts in support of their claims which would entitle them to relief. *Jenkins v. McKeith*, 395 U.S. 411, 89 S. Ct. 1843 (1968).  The Court must liberally construe the complaint in favor of the pleader, and must accept as true the material allegations made therein. *Id.*  However, where the Court concludes that the pleadings do not, as a matter of law, set forth facts sufficient to state a claim upon which relief may be granted, the Court should grant the motion to dismiss.

**III.    Discussion**

**A.     Plaintiff's Official Capacity Claims**

*1.     Sovereign Immunity*

Defendants argue that the doctrine of sovereign immunity bars Plaintiff's official capacity claims as well as Plaintiff's state law claims for damages. It is well established that a State or an arm of the State cannot be subjected to suit by a private citizen without waiver of its Eleventh Amendment immunity. *Alden v. Maine*, 527 U.S. 706, 754-55, 119 S.Ct. 2240, 2266 (1999). However, federal courts may grant injunctive or prospective relief against a state officer in his official capacity "'which serves to bring an end to a present violation of federal law'". *Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989) (*quoting Edelman v. Jordan*, 415 U.S. 651, 667-68, 94 S.Ct. 1347, 1357-582 (1974)).

For Plaintiff's official capacity claims, the Amended Complaint requests only injunctive relief: "For his claims against the defendants in their official capacities, Plaintiff claims only prospective injunctive relief and his attorneys' fees." (First Amended Complaint, ¶ 6). For this reason, it appears that sovereign immunity is not a bar to Plaintiff's official capacity claims

- 4 -

seeking injunctive relief.

### *2.      Plaintiff's Section 1983 Claims*

Defendants argue that Plaintiff's official capacity claims fail to state a claim upon which relief may be granted because the Board and the individual Defendants in their official capacities are not "persons" amenable to suit under 42 U.S.C. § 1983. It is true that the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989). However, 42 U.S.C. § 1983 permits recovery against an official in his individual capacity, and since Plaintiff's § 1983 claims seek relief against Defendants only in their individual capacities, this ground for dismissal is inapplicable.

### B.     Plaintiff's Individual Capacity Claims

Against the Defendants in their respective, individual capacities, Plaintiff seeks recovery for deprivations of his right to Due Process, right to property, right to employment, defamation, damage to his professional reputation, and emotional distress. The threshold inquiry here is whether Plaintiff's individual capacity claims against the Defendants are barred by Arkansas state law immunity.

Ark. Code Ann. §§ 17-80-103 & 19-10-305(a) appear to grant immunity to the individual Defendants here. Section 19-10-305(a)[1] holds state employees immune from civil liability where

---

[1] The statute states: "Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment." Ark. Code Ann. § 19-10-305(a).

- 5 -

the employee acted without malice and in the course of his or her employment. *See Fegans v. Norris*, 351 Ark. 200, 207 (Ark. 2002) ("The statute provides state employees with statutory immunity from civil liability for non-malicious acts occurring within the course of their employment."); *see also Fuqua v. Flowers*, 341 Ark. 901, 905 (Ark. 2000) ("State officers and employees acting without malice within the course and scope of their employment are immune from an award of damages in litigation."). The second statute, section 17-80-103,[2] provides a more limited form of protection to certain state employees, such as the members of the Arkansas Medical Board, immunizing against slander, libel, and defamation claims. The dispositive element of either immunity statute is whether the employee acted with malice. While the Arkansas Supreme Court has not settled on one definition of "malice", it has consistently required a specific intent to commit wrongdoing:

> "[Malice] is rather an intent and disposition to do a wrongful act greatly injurious to another." Malice is also defined as "the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent.... A conscious violation of the law ... which operates to the prejudice of another person. A condition of the mind showing a heart ... fatally bent on mischief." Although the complaint alleges an evil intent in the acts or omissions of the [defendant], a bare allegation of willful and wanton conduct will not suffice to prove malice.

*Fegans v. Norris*, 351 Ark. 200, 207-08 (Ark. 2002) (citations omitted).

---

[2] "No member of a board, or any individual acting on behalf of the board, of any profession or occupation classified under the laws of the State of Arkansas as a profession of the healing arts shall be liable in damages to any person for slander, libel, defamation of character, breach of any privileged communication, or otherwise for any action taken or recommendation made within the scope of the functions of the board if the board member or the individual acting on behalf of the board acts without malice and in the reasonable belief that the action or recommendation is warranted by the facts known to him or her after a reasonable effort is made to obtain the facts on which the action is taken or the recommendation is made." Ark. Code Ann. § 17-80-103.

Plaintiff has the burden of showing malice on the part of the state actors to overcome the immunity defense. *See*, *e.g.*, *Fuqua*, 341 Ark. at 905 ("Thus, for a plaintiff to counter an assertion of sovereign immunity [under § 19-10-305(a)], he or she must allege sufficient facts in his or her complaint to support the claim of malicious conduct by the defendant."). So the Court must consider the allegations of the Complaint and determine whether Plaintiff could prove any set of facts that would support a finding of malice on the part of the individual Defendants.

The Complaint sets forth the following accusations against the individual Defendants:

> 26. Intentionally repeating and distributing false and misleading statements regarding the plaintiff's license was not a random, unauthorized act; it was and is a policy, custom, or practice of the Arkansas State Medical Board.
>
> 27. Defendants made the foregoing false and misleading statements with such reckless disregard of the plaintiff's rights as to constitute the equivalent of ill will.
>
> 28. Defendants lacked the reasonable belief that their actions were warranted by the facts known to them after a reasonable effort was made to obtain the facts on which their actions were taken.
>
> 29. Defendants made no attempt to insure that an order affecting Plaintiff's license was filed and made available for public inspection before publishing statements implying his license had been suspended.
>
> 30. Although it is within Defendants' official duties to report actions taken against physicians' licenses, it is outside their official duties to publish board minutes as though they were licensure actions or to publish other false or misleading statements.

(Complaint, ¶¶ 26-30).

Plaintiff challenges the validity of the Medical Board's vote to suspend Plaintiff's license on the grounds that the Board did not comply with the Arkansas Administrative Procedures Act

in failing to "file" a suspension order of the Plaintiff's license.[3] Plaintiff contends that in failing to file a suspension order, his medical license was, in fact, never suspended, so the website publication referencing a license suspension constituted "false and misleading statements". As stated in paragraph twenty-seven of the Complaint, Plaintiff asserts that malice may be inferred because "Defendants made the foregoing false and misleading statements with such reckless disregard of the plaintiff's rights as to constitute the equivalent of ill will."

Assuming the material allegations of the Complaint to be true, there are no circumstances under which malice may be inferred from the conduct alleged on the part of the individual Defendants. For Defendants to have acted with malice, Defendants must have published false and misleading statements about the Plaintiff with the intent to cause him injury. Clearly, where a state official discharges the duties of his employment with a reasonable, good faith belief that his conduct is lawful, there can be no inference of malice on the part of that official. Even if Plaintiff could prove that Defendants had acted with "reckless disregard", such proof would fail to show malice as "reckless disregard" does not amount to an intent to cause injury. Accordingly, the individual Defendants are immune to suit.

IT IS THEREFORE ORDERED that the Defendants' Motion to Dismiss (Dkt. #3) be, and it is hereby, GRANTED in part, and DENIED in part. The Amended Complaint is dismissed in its entirety against Defendants W. Ray Jouett, Orman W. Simmons, David C. Jacks, Bobbye H. Daniels, J.R. Baker, John E. Ball, Anne Britton, Sue R. Chambers, Trent P. Pierce, Douglas F.

---

[3] "No agency rule, order, or decision shall be valid or effective against any person or party, nor may it be invoked by the agency for any purpose, until it has been filed and made available for public inspection as required in this subchapter. This provision shall not apply in favor of any person or party with actual knowledge of an agency rule, order, or decision." Ark. Code Ann. § 25-15-203(b).

Smart, C.E. Tommey, Alonzo Williams, Sr., James E. Zini, and Peggy Pryor Cryer. This action shall continue against Defendant Arkansas State Medical Board to the extent the Amended Complaint seeks declaratory or injunctive relief.

Dated this 11th day of August, 2005.

    \_\_/s/Garnett Thomas Eisele_____
    UNITED STATES DISTRICT JUDGE